UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| SANDSTONE INNOVATION, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>APPLE INC.,<br><br>　　　　　　　Defendant. | Case No. 7:26-cv-00094<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST APPLE INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Sandstone Innovation, LLC ("Plaintiff" or "Sandstone") makes the following allegations against Apple Inc. ("Defendant" or "Apple"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of United States Patent No. 7,963,652 (the "Asserted Patent"). Sandstone owns all right, title, and interest in the Asserted Patent to file this case.

2. Sandstone is a limited liability company incorporated under the laws of the State of Texas, with a location at 825 Watters Creek Blvd. Ste. 250, Allen, TX 75013-3770.

3. On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple has one or more regular and established places of business in this District, including at 12545 Riata Vista Circle, Austin, TX 78727; 6900 W Parmer Lane, Austin, TX 78729; 320 S. Capital of Texas Hwy, West Lake Hills, TX 78746;

7400 San Pedro Avenue, San Antonio, TX 78216; 3121 Palm Way, Austin, TX 78758; 15900 La Cantera Parkway, San Antonio, TX 78256; 8401 Gateway Boulevard West, El Paso, TX 79925; and 2901 S Capital of Texas Hwy, Austin, TX, 78746. On information and belief, Apple may be served with process through its registered agent in Texas, CT Corporation System 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patent.

6. Venue as to Apple is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Apple resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

7. Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents. Defendant has regular and established places of businesses in this District, including at 12545 Riata Vista Cir.,

2

Austin, Texas 78727 and 12801 Delcour Dr., Austin, Texas 78727.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,963,652

8. Sandstone realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Sandstone owns all rights, title, and interest in U.S. Patent No. 7,963,652, titled "Method and apparatus for calibration-free eye tracking," issued on June 21, 2011 (the "'652 Patent"). A true and correct copy of the '652 Patent is attached as **Exhibit .**.

10. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain instrumentalities ("Accused Instrumentalities"), including Apple Vision Pro, that directly infringe, literally and/or under the doctrine of equivalents, one or more claim of the '652 Patent.

11. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '652 Patent, including claim 1. A claim chart comparing independent claim 1 of the '652 patent to a representative Accused Instrumentality, is attached as **Exhibit .**, which is hereby incorporated by reference in its entirety.

12. Defendant also knowingly and intentionally induces infringement of one or more claims of the '652 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '652 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '652 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Instrumentalities, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Instrumentalities in ways that directly infringe the '652 Patent (for example, through user manuals and instruction materials on its website and/or

otherwise provided to customers). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '652 Patent, thereby specifically intending for and inducing its customers to infringe the '652 Patent through the customers' normal and customary use of the Accused Instrumentalities. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that their actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its authorized third parties, end users, or customers, to directly infringe one or more claims of Plaintiff's '652 Patent in the United States because Defendant had knowledge of the '652 Patent and actively induced others (*e.g.,* its customers) to directly infringe the '652 Patent.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '652 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendant's infringement of the '652 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

15. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '652 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

16. Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully,

recklessly, egregiously and wantonly continues to infringe the '652 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '652 Patent. Plaintiff is therefore entitled to enhanced damages.

17. Plaintiff's '652 Patent is valid and enforceable.

## PRAYER FOR RELIEF

WHEREFORE, Sandstone respectfully requests that this Court enter:

a. A judgment in favor of Sandstone that Defendant has infringed the Asserted Patent, either literally and/or under the doctrine of equivalents;

b. A judgment in favor of Plaintiff that Defendant has induced infringement of the Asserted Patent;

c. A judgment and order requiring Defendant to pay Sandstone its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patent;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Sandstone, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Sandstone its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Sandstone, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury

of any issues so triable by right.

Dated: March 13, 2026                                  Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Christian Conkle (CA SBN 306374)
cconkle@raklaw.com
Joshua Scheufler (CA SBN 330462)
jscheufler@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474

*Attorneys for Plaintiff*
*Sandstone Innovation, LLC*