**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| SANDSTONE INNOVATION, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*. | No. 7:26-CV-00094-ADA<br><br>**JURY TRIAL DEMANDED** |

**APPLE'S RESPONSE TO SANDSTONE'S**
**OPPOSED MOTION FOR ENTRY OF A DISPUTED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, Defendant Apple Inc. ("Defendant" or "Apple") respectfully submits this response to Plaintiff Sandstone Innovation, LLC's ("Plaintiff" or "Sandstone") opposed motion for entry of a disputed scheduling order (ECF No. 42 or "Mot.").

## I. THE ACTION SHOULD BE STAYED

Apple objects to the entry of a scheduling order setting discovery and non-venue deadlines. As explained in Apple's motion to stay which it is filing contemporaneously (*see* ECF No. 44), Apple has filed multiple pending motions that could obviate the need for the Court to adjudicate the parties' differing views on the schedule in the case. Those motions include a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) as well as multiple motions to strike and dismiss Sandstone's serial complaints and portions of its preliminary infringement contentions. *See* ECF Nos. 25, 26, 29, 35, 39. Resolution of Apple's motions could entirely dispose of or drastically narrow litigation in this forum. If Apple's motion to stay is granted, the parties' motions related to entry of a scheduling order are moot.

## II. IF THE COURT IS INCLINED TO ENTER A SCHEDULING ORDER, APPLE'S PROPOSED SCHEDULE SHOULD BE ADOPTED

To the extent the Court decides to enter a scheduling order at this juncture, Apple respectfully requests that its proposed schedule be entered. *See* ECF No. 45.1. Apple proposes that the schedule should begin with Apple's deadline for preliminary invalidity contentions and production of technical documents on November 5, 2026. Apple's remaining deadlines are proposed to track the events and deadlines generally adopted by scheduling orders in this Division adjusted only, as Sandstone likewise proposes, to account for conflicts with holidays and to move most deadlines to fall on Thursdays (as opposed to Fridays).

### A. Sandstone's Objections to Apple's Proposed Schedule

Sandstone objects to two aspects of Apple's proposal: (1) the deadline for Apple's preliminary invalidity contentions and production of technical documents on November 5, 2026; and (2) the omission of a deadline for further pleading amendments without a motion demonstrating good cause. *See* Mot. at 1-2. Apple responds to Sandstone's two objections below.

***Deadline for Apple's Preliminary Invalidity Contentions and Production of Technical Documents.*** Apple proposes this deadline be November 5, 2026 (as opposed to October 2, 2026 as proposed by Sandstone). *See* ECF No. 42.1 at 2 (second column). This additional month is warranted in view of Sandstone's delay in notifying Apple of a new infringement theory. For over four months, Sandstone only disclosed infringement theories related to a single accused product, the Vision Pro (a virtual reality headset)—disclosing on July 24, 2026 a new infringement theory accusing numerous iPhones and iPads comprising the TrueDepth camera system in its preliminary infringement contentions. This infringement theory applies the claims in a completely new way, requiring a separate claim chart. Sandstone does not dispute that its first three pleadings failed to disclose it. *See* ECF Nos. 29, 35, 40. Yet Sandstone's proposed schedule would provide Apple

only ten weeks from the first notice of Sandstone's new infringement theory. In a typical case in this Division, Apple would have nearly twice that time to meet this initial deadline in response to plaintiff's infringement allegations.

Sandstone's belated disclosure thus delayed Apple's invalidity investigation. Contrary to Sandstone's unsupported assertion that infringement scope is "irrelevant" to invalidity, *see* Mot. at 1, courts have recognized that a plaintiff's interpretation of the scope of its claims for infringement purposes has a direct impact on a defendant's invalidity contentions. *See, e.g.*, *Power Probe Grp. v. Innova Elecs. Corp.*, 2023 WL 7704414, at * 6 (D. Nev. Nov. 14, 2023) ("[T]he reasonable and rational expectation is that if [plaintiff] is granted the opportunity to amend its infringement contentions . . . [defendant] will be given a similar opportunity to respond with amended invalidity contentions.").

Sandstone's belated disclosure also delayed Apple's timing for collecting technical documents sufficient to show the operation of the accused products—Sandstone's motion ignores this independent prejudice. *See* Mot. at 1.

***Deadline for Amending Pleadings Without Good Cause.*** Apple objects to Sandstone's proposal to include a deadline that would allow it to further amend its pleadings without a showing of good cause. *See* ECF No. 42.1 (Sandstone's deadline proposed on 6/7/27). Sandstone has already attempted to amend its complaint three times. *See* ECF Nos. 9, 22, 27. Each amendment was improperly filed and should be dismissed. *See* ECF Nos. 25, 26, 29, 35. Sandstone should not be permitted to file further amendments to its pleading absent Apple's consent or the Court's leave following a showing of good cause. Contrary to Sandstone's argument (Mot. at 2), Apple is not seeking to "gain an advantage for its motions to strike." Rather, Apple's proposal is a fair one in

view of prior case events. Sandstone identifies no prejudice associated with having to show good cause for yet further amendments, and indeed there is none.

### B. Apple's Objections to Sandstone's Proposed Schedule

Apple additionally objects to the following components of Sandstone's proposed scheduling order:

***No Currently Governing OGP.*** Apple objects to Sandstone's suggestion that an OGP currently governs this case. *See* Mot. at 1. At this juncture, no OGP has been entered and therefore the Federal Rules of Civil Procedure govern.[1]

***Deadlines Governing Discovery Post-*Markman.** Apple objects to Sandstone's suggestion that discovery deadlines in this case will not be stayed until after the *Markman* hearing is conducted. *See* ECF No. 42.1 at 3 n.3 (proposing that "[a]ll deadlines hereafter follow the original Markman hearing date and do not change if the Court delays the Markman hearing"). Fact discovery should open after the *Markman* hearing. If the *Markman* hearing is scheduled for a date later than that proposed by the parties, then the subsequent deadlines should be adjusted accordingly. This is consistent with the practice adopted in this Division. *See, e.g.*, Judge David Counts, *Standing Order Governing Patent Proceedings*, § II (W.D. Tex. Aug. 2, 2022) ("Except regarding venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed until after the *Markman* hearing.") (filed Aug. 2, 2022); *see also id.* at Appx. A.

[1] Sandstone's proposed scheduling order confusingly refers to multiple judges. *Compare* ECF No. 42.1 at 2 (describing procedures to notify Judge Gilliland of the agreed scheduling order) *with id.* at 5 (providing for the order to be entered by Judge Albright). In the past, Judge Gilliland has declined to preside over cases involving Apple. Judge Albright has stepped down from the bench.

## III. APPLE MET AND CONFERRED WITH SANDSTONE IN GOOD FAITH

Apple respectfully disagrees with Sandstone's characterizations of the parties' communications leading up to the Motion's filing. *See* Mot. at 2 & 5-6 (Certificate of Conference). Sandstone first contacted Apple about a scheduling order on August 18, 2026, proposing a joint submission deadline of August 28. Ex. A; *but see* Mot. at 2 (Sandstone arguing the order was due August 19). At a meet and confer on Friday, August 28, Apple raised its position that a stay is appropriate. When Sandstone indicated it would oppose a stay, Apple attempted to negotiate a conditional proposed schedule, but Sandstone refused to engage. Nonetheless, within hours of the meeting, Apple sent a counterproposal for a conditional schedule. Sandstone responded near the close of business, demanding an immediate response to a draft joint motion that raised several questions for Apple, including confusing references to another party, "Cobblestone." Ex. B. Appreciating that a coherent presentation of the parties' respective positions could not be achieved that evening, Apple's counsel objected to the filing, and notified Sandstone that they needed to confer with their client and would respond on Monday morning (i.e., the next business day). Later that evening, Sandstone filed its unilateral motion regardless.

To the extent the Court would like a joint scheduling proposal from the parties, Apple remains willing to meet and confer with Sandstone on a joint proposal.

Dated: September 3, 2026

/s/ *Ashley Winkler*
Ranganath Sudarshan (*pro hac vice*)
Ashley Winkler (*pro hac vice*)
Steven A. Fisher (*pro hac vice*)
Christine Smith (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
rsudarshan@cov.com
awinkler@cov.com
sfisher@cov.com
csmith@cov.com

Michael E. Bowlus
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission St., Ste. 5400
San Francisco, CA 94105
(415) 591-6000
mbowlus@cov.com

Steven J. Wingard
Texas Bar No. 00788694
Robert ("Robby") P. Earle
Texas Bar No. 24124566
Stephen L. Burbank
Texas Bar No. 24106972
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
T: (512) 495-6300
F: (512) 495-6399
swingard@scottdoug.com
rearle@scottdoug.com
sburbank@scottdoug.com

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served on September 3, 2026, with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Stephen Burbank*
Stephen Burbank