# Exhibit B

**From:** Winkler, Ashley
**To:** Joshua Scheufler
**Cc:** rak_sandstone@raklaw.com; Apple-Sandstone-Cov; sburbank@scottdoug.com; swingard@scottdoug.com
**Subject:** RE: Sandstone v Apple - Joint Proposed Scheduling Order
**Date:** Friday, August 28, 2026 7:04:38 PM

Counsel,

Sandstone's demand, received near the close of business on a Friday, and demanding an immediate response on Friday evening, is unreasonable.

We met and conferred with you this afternoon, and we are now reviewing the draft documents you sent us. We will need until Monday morning to confer with our client and to provide Apple's responsive position. Apple objects to Sandstone's suggestion that it will unilaterally file the proposed scheduling order motion this evening, without our input. To be clear, Apple does not consent to Sandstone filing the scheduling order attached your email on behalf of Apple, and reserves all its rights should Sandstone take unilateral action.

If Sandstone files the motion over Apple's objection, Sandstone must note Apple's objection in the certificate of conference: "The parties met and conferred regarding this filing on the afternoon of August 28, 2026. After the conference, Sandstone presented Apple with its proposed joint motion and proposed schedule. Apple advised Sandstone that it will need time to review Sandstone's specific proposal and does not consent to Sandstone filing the proposed schedule on behalf of Apple."

Regards,
Ashley

**From:** Joshua Scheufler <jscheufler@raklaw.com>
**Sent:** Friday, August 28, 2026 4:48 PM
**To:** Winkler, Ashley <AWinkler@cov.com>
**Cc:** rak_sandstone@raklaw.com; Apple-Sandstone-Cov <Apple-Sandstone-Cov@cov.com>; sburbank@scottdoug.com; swingard@scottdoug.com
**Subject:** Re: Sandstone v Apple - Joint Proposed Scheduling Order

**[EXTERNAL]**
Ashley,

Sandstone objects to Apple's attempts to delay this case and omission of basic provisions from the schedule. Apple has no basis to have waited this long to respond to Magma's proposed schedule except gamesmanship.

Please see attached proposed disputed schedule and motion for entry of the same. Should Apple provide its position and signature by 6:30 CT, Sandstone will include them, otherwise, Sandstone will proceed with filing not jointly.

Best,
**Joshua Scheufler**
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 |
jscheufler@raklaw.com | www.raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Aug 28, 2026, at 2:23 PM, Winkler, Ashley <AWinkler@cov.com> wrote:

Counsel,

Apple objects to Sandstone's unreasonable suggestion that it will unilaterally file a proposed scheduling order today. Apple is trying in good faith to work with Sandstone to prepare a joint proposed scheduling order as required by the Court.

In light of the numerous pending motions, Apple intends to move to stay all deadlines in this case. Apple proposes the schedule below in the event the Court denies a stay. Please let us know whether Sandstone agrees to this proposed schedule. If Sandstone will not agree, Apple proposes that the parties work together to prepare a joint document that will describe the parties' respective proposals and positions. If Sandstone refuses to work with us on a joint submission laying out the parties' respective positions, please provide your basis for doing so.

| Deadline | Item |
|---|---|
| 7/24/26 | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.*, the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 8/31/26 | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 11/5/26 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and<br>(3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 11/19/26 | Parties exchange claim terms for construction. |
| 12/3/26 | Parties exchange proposed claim constructions. |
| 12/10/26 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 12/17/26 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 1/21/27 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 2/11/27 | Plaintiff files Responsive claim construction brief. |
| 3/4/27 | Defendant files Reply claim construction brief. |
| 3/25/27 | Plaintiff files a Sur-Reply claim construction brief. |
| 4/1/27 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy. *See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| 4/8/27 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| 4/15/27 | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| 4/20/27 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 5/18/27 | Deadline to add parties. |
| 6/3/27 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 10/14/27 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to |

| | |
|---|---|
| | resolve the disputed issues. |
| 11/11/27 | Close of Fact Discovery. |
| 12/21/27 | Opening Expert Reports. |
| 2/3/28 | Rebuttal Expert Reports. |
| 2/24/28 | Close of Expert Discovery. |
| 3/3/28 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 3/16/28 | Dispositive motion deadline and *Daubert* motion deadline.<br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available athttps://www.uscourts.gov/forms/civil- forms/notice-consent-and-reference-civil-action-magistrate-<br>judge. |
| 4/6/28 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| 4/20/28 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 4/20/28 | Parties to jointly email the Court to confirm their pretrial conference and trial dates. |
| 4/27/28 | Serve objections to rebuttal disclosures; file motions *in limine*. |
| 5/4//28 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions *in limine*<br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
| 5/11/28 | File Notice of Request for Daily Transcript or Real Time Reporting. |
| 5/16/28 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 5/19/28 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions*in limine*. |
| 5/24/28<br>(or as soon as practicable) | Final Pretrial Conference. Held in person unless otherwise requested. |
| 5/12/28 | Jury Selection/Trial. |

Regards,
Ashley

**Ashley Winkler**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5108 | awinkler@cov.com
www.cov.com

<image001.png>

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

SANDSTONE INNOVATION, LLC,

*Plaintiff*,

v.

APPLE, INC.,

*Defendant*.

Case No. 7:26-CV-00094-ADA

**Jury Trial Demanded**

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Sandstone's Proposed Deadline | Apple's Proposed Deadline | Item |
|---|---|---|
| 7/24/26 | Agreed | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.*, the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | | |
|---|---|---|
| 8/28/26 | | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings.<br>Parties shall jointly email a Word version of the proposed schedules to chambers at TXWDml_NoJudge_Chambers_WA_JudgeGilliland@txwd.uscourts.gov. |
| 10/2/26 | 11/5/26 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 10/16/26 | 11/19/26 | Parties exchange claim terms for construction. |
| 10/30/26 | 12/3/26 | Parties exchange proposed claim constructions. |
| 11/6/26 | 12/10/26 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 11/13/26 | 12/17/26 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 11/20/26 | 1/21/27 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 12/11/26 | 2/11/27 | Plaintiff files Responsive claim construction brief. |

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | | |
|---|---|---|
| 1/8/27 | 3/4/27 | Defendant files Reply claim construction brief. |
| 1/29/27 | 3/25/27 | Plaintiff files a Sur-Reply claim construction brief. |
| 2/3/27 | 4/1/27 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| 2/12/27 (but at least 10 days before *Markman* hearing) | 4/8/27 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| 2/15/27 (or as soon as practicable)[3] | 4/15/27 | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| 2/16/27 | 4/20/27 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 3/29/27 | 5/18/27 | Deadline to add parties. |
| 4/12/27 | 6/3/27 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 6/7/27 | Apple Omits this Item | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 8/16/27 | 10/14/27 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |

[3] All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing.

| | | |
|---|---|---|
| 9/13/27 | 11/11/27 | Close of Fact Discovery. |
| 10/6/27 | 12/21/27 | Opening Expert Reports. |
| 11/3/27 | 2/3/28 | Rebuttal Expert Reports. |
| 12/1/27 | 2/24/28 | Close of Expert Discovery. |
| 12/8/27 | 3/3/28 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 12/15/27 | 3/16/28 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge. |
| 1/12/28 | 4/6/28 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| 1/26/28 | 4/20/28 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 1/26/28 | 4/20/28 | Parties to jointly email the Court to confirm their pretrial conference and trial dates. |
| 2/2/28 | 4/27/28 | Serve objections to rebuttal disclosures; file motions *in limine.* |

| | | |
|---|---|---|
| 2/9/28 | 5/4/28 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions *in limine*<br><br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
| 2/16/28 | 5/11/28 | File Notice of Request for Daily Transcript or Real Time Reporting. |
| 2/23/28 | 5/16/28 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 2/25/28 | 5/19/28 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine.* |
| 3/1/28(or as soon as practicable) | 5/24/28 (or as soon as practicable) | Final Pretrial Conference. Held in person unless otherwise requested. |
| 3/24/28 | 5/12/28 | Jury Selection/Trial. |

SIGNED this _____________day of ____________________________, 20____.

______________________________________

ALAN ALBRIGHT
UNITED STATES JUDGE

AGREED:

Dated: September 1, 2026

By: /s/

Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Joshua Scheufler
TX State Bar No. 24123406
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email : jscheufler@raklaw.com

Qi (Peter) Tong
TX Bar No. 24119042
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
Email: ptong@raklaw.com
*Counsel for Plaintiff Sandstone Innovations LLC*

Respectfully submitted,

By: /s/

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| SANDSTONE INNOVATION, LLC,<br>*Plaintiff*,<br>v.<br>APPLE, INC.,<br>*Defendant*. | Case No. 7:26-CV-00094-ADA<br>**Jury Trial Demanded** |

**[JOINT] MOTION FOR ENTRY OF DISPUTED SCHEDULING ORDER**

Pursuant to Section II(3) of OGP § 4.4, the [parties jointly / Cobblestone] [move /moves][1] the Court for entry of the attached disputed scheduling order to govern this case. The parties have met and conferred to reach agreement and present [their / Cobblestone's understanding of] the attached disputed schedules for the Court's resolution.

**Sandstone's Position:** Sandstone proposed deadlines align with the Court's default, adjusted to avoid holidays. Apple's proposal is based on a request to further delay its invalidity contentions based on some allegation that Sandstone's infringement contentions expand the scope of the case. But the scope of the case is irrelevant for invalidity contentions which are concerned only with the scope of the patents. Apple can point to no change in the alleged or actual scope of the asserted patents in light of Sandstone's infringement contentions. Moreover, Sandstone has already agreed to extend Apple's deadline for invalidity contentions. *See* Dkt. 31. Apple fails to identify good cause for a further extension.

[1] Apple intends to move to stay this action and requests entry of the attached schedule in the alternative. Cobblestone disagrees that staying this action is appropriate. The attached schedule should be entered without delay.

Separately, Apple seeks to remove from the Court's default schedule a deadline to amend the complaint without basis. This is inappropriate as Apple improperly attempts to deviate from the default schedule to gain an advantage for its motions to strike.

To the extent Apple argues this filing is inappropriate, the fault is entirely Apple's. This scheduling order was due on the 19th. Apple received Sandstone's proposed schedule in advance of that deadline. Apple only acknowledged the schedule on the 21st and did nothing until the 26th when it first requested to meet and confer on the 28th. Sandstone agreed but asked what the matter of the meeting would be, which Apple did not provide. At the meet and confer, Apple raised for the first time the possibility of a stay and requested to delay its invalidity contentions. Apple has no intention of engaging in timely negotiations regarding the schedule, as such Sandstone proceeds with what little engagement it has been able to obtain from Apple.

**Apple's Position:**

Dated: August 26, 2026

Respectfully submitted,

*/s/* __________

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Christian Conkle (CA SBN 306374)
cconkle@raklaw.com
Joshua Scheufler (CA SBN 330462)
jscheufler@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff*

*Sandstone Innovation, LLC*

*/s/*

*Admission *pro hac vice*
***ATTORNEYS FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

I certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on August 28, 2026.

*/s/*
Reza Mirzaie