**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| SANDSTONE INNOVATION, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*. | No. 7:26-CV-00094-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>[redacted] |

**DEFENDANT APPLE'S OPPOSED**
**MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)**

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 1

A. The Vast Majority of Apple's Witnesses and Documents Are in N.D. Cal. ..... 2

1. Apple's Likely Trial Witnesses Are Primarily Based in Northern California; None Are Based in Texas ..... 2

2. Relevant Documents Are in California ..... 4

B. Sandstone Has No Ties to W.D. Tex. ..... 5

C. The Inventors and Prior Assignees of the Asserted Patents and Other Relevant Witnesses Are Also Located Outside of W.D. Tex. ..... 5

III. APPLICABLE LAW ..... 7

IV. N.D. CAL. IS CLEARLY THE MORE CONVENIENT VENUE ..... 8

A. This Action Could Have Been Brought in N.D. Cal. ..... 8

B. The Private Interest Factors Weigh Decisively in Favor of Transfer ..... 8

1. Relative Ease of Access to Sources of Proof Heavily Favors Transfer ..... 8

2. Cost of Attendance for Willing Witnesses Heavily Favors Transfer ..... 11

3. Availability of Compulsory Process Heavily Favors Transfer ..... 13

4. All Other Practical Problems Are Neutral ..... 14

C. The Public Interest Factors Weigh in Favor of Transfer ..... 15

1. Court Congestion Is Neutral ..... 15

2. The Local Interest Factor Heavily Favors Transfer ..... 15

3. Familiarity of Governing Law and Conflicts Factors Are Neutral ..... 17

D. The Weight of the Factors Favors Transfer to N.D. Cal. ..... 17

V. CONCLUSION ..... 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Inc.*,
823 F. App'x 929 (Fed. Cir. 2020) ....................14

*In re Apple Inc.*,
818 F. App'x 1001 (Fed. Cir. 2020) ....................7

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)....................8, 11, 16

*In re Apple Inc.*,
No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ....................10, 12, 13, 16

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) ....................7, 12, 16

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017)....................8

*Cub Club Inv., LLC v. Apple, Inc.*,
No. 6:20-cv-00856-ADA, slip op. (W.D. Tex. Sept. 7, 2021), ECF No. 28 ....................11

*DataQuill, Ltd. v. Apple Inc.*,
No. A-13-CA-706, 2014 WL 2722201 (W.D. Tex. June 13, 2014)....................9

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)....................12, 14

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ....................7, 8, 15

*In re Google LLC*,
No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ....................9

*In re Haptic, Inc.*,
No. 2024-121, 2024 WL 3159288 (Fed. Cir. June 25, 2024)....................10

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) .................... *passim*

*In re Juniper Networks, Inc.*,
No. 2021-156, 2021 WL 4519889 (Fed. Cir. Oct. 4, 2021)....................8, 10

*LoganTree LP v. Apple Inc.*,
No. 6:21-cv-00397-ADA, 2022 WL 1491097 (W.D. Tex. May 11, 2022)....................15

*MasterObjects, Inc. v. Facebook, Inc.*,
No. 6:20-cv-00087-ADA, ECF No. 86 (W.D. Tex. July 13, 2021)........................................13

*In re Microsoft Corp.*,
No. 2023-128, 2023 WL 3861078 (Fed. Cir. June 7, 2023)..............................................8, 17

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)..............................................................................................11

*In re Pandora Media, LLC*,
No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021)..................................................11

*Peak Completion Techs., Inc. v. ITEC Well Solutions, LLC*,
No. A-13-cv-086-LY, 2013 WL 12121002 (W.D. Tex. June 26, 2013)................................13

*S.M.R Innovations LTD v. Apple Inc.*,
756 F. Supp. 3d 453 (W.D. Tex. 2024)...................................................................................14

*Smart Mobile Techs. LLC v. Apple Inc.*,
No. 6:21-cv-00603, ECF No. 135 (W.D. Tex. Aug. 28, 2023)............................................8, 9

*In re TikTok, Inc.*,
85 F.4th 352 (5th Cir. 2023)..........................................................................................10, 12, 13

*In re TracFone Wireless, Inc.*,
848 F. App'x 899 (Fed. Cir. 2021)..........................................................................................15

*In re TS Tech. USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008)...............................................................................................17

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004)......................................................................................................7

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) (*en banc*)............................................................................*passim*

*Parus Holdings Inc. v. Apple Inc.*,
No. 6:21-cv-00968-ADA, ECF No. 92 at 9 (W.D. Tex. Nov. 29, 2022)................................12

*XY, LLC v. Trans Ova Genetics, LC*,
No. W-16-CA-447, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017)..........................................8

*Zentian Ltd. v. Apple, Inc.*,
No. W-22-CV-00122-ADA, 2023 WL 4167746 (W.D. Tex. June 13, 2023).........................15

**Statutes**

28 U.S.C. § 1400(b)....................................................................................................................8

28 U.S.C. § 1404(a) ....................1, 7, 12, 17

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A)–(B) ....................14

Fed. R. Civ. P. 45(c)(1)(A), (B) ....................14

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| A | Plaintiff's Disclosure of Asserted Claims and Infringement Contentions (July 24, 2026) |
| B | Apple Inc. 2025 Form 10-K |
| C | August 25, 2026 Declaration of Tom Sengelaub ("Sengelaub Decl.") |
| D | August 26, 2026 Declaration of Barsotti ("Barsotti Decl.") |
| E | August 20, 2026 Declaration of Yuri Imoto ("Imoto Decl.") |
| F | August 24, 2026 Declaration of Matt Clements ("Clements Decl.") |
| G | August 24, 2026 Declaration of Halle Matthews ("Matthews Decl.") |
| H | Texas Comptroller of Public Accounts, Franchise Tax Account Status for Sandstone Innovation, LLC (Aug. 14, 2026) |
| I | LoopNet Listing for Coworking Space at 825 Watters Creek Blvd., Allen, TX 75013 (The Offices at Watters Creek) |
| J | Regus Virtual Office and Workspace Offerings at Watters Creek, 825 Watters Creek Boulevard, Building M, Suite 250, Allen, TX 75013 |
| K | Bizapedia Search Results: Companies Registered at 825 Watters Creek Blvd., Suite 250, Allen, TX 75013 (Aug. 14, 2026) |
| L | Texas Comptroller of Public Accounts, Franchise Tax Account Status for Granite IP, LLC (Aug. 14, 2026) |
| M | Bedrock IP Co. Ltd. Website (Aug. 14, 2026) |
| N | Assignment of U.S. Patent Application No. 11/255,174 ('652 patent) at Reel 024266, Frame 0314 (2008) |
| O | Security Agreement Covering U.S. Patent No. 7,963,652 at Reel 031797, Frame 0352 (2013) |
| P | Assignment of U.S. Patent No. 7,963,652 at Reel 051241, Frame 0603 (2019) |
| Q | Assignment of U.S. Patent No. 7,963,652 at Reel 067561, Frame 0034 (2024) |
| R | Corrective Assignment of U.S. Patent No. 7,963,652 at Reel 068274, Frame 0480 (2024) |
| S | Assignment of U.S. Patent No. 7,963,652 at Reel 069297, Frame 0097 (2024) |
| T | LinkedIn Profile of Roel Vertegaal (Named Inventor of U.S. Patent Nos. 7,963,652 and 10,248,852) |
| U | Transmittal for U.S. Patent No. 7,963,652, Prosecuting Attorney Correspondence Address |
| V | Assignment of U.S. Patent No. 10,248,852 at Reel 043678, Frame 0220 (2017) |
| W | Assignment History for U.S. Patent No. 10,248,852 |
| X | Correspondence Address for Prosecuting Attorney of U.S. Patent No. 10,248,852 |
| Y | Maglio, "Attentive Agents" (2000) |
| Z | U.S. Patent No. 10,217,286 B1 |
| AA | U.S. Patent No. 10,430,988 B2 |
| BB | U.S. Patent Application Publication No. 2004/0170304 A1 |
| CC | U.S. Patent Application Publication No. 2013/0257709 A1 |

| | |
|---|---|
| DD | U.S. Patent No. 6,393,136 |
| EE | U.S. Patent No. 6,577,329 B1 |
| FF | U.S. Patent No. 6,608,615 B1 |
| GG | U.S. Patent No. 10,248,852 (the “'852 Patent”) |
| HH | U.S. Patent No. 7,963,652 (the “’652 Patent”) |
| II | Google Maps Directions from Apple Park to Midland, TX |
| JJ | Airlines – Midland International Air & Space Port Website |

* All exhibits are provided as attachments to the Declaration of Steve Fisher in Support of Defendant Apple’s Opposed Motion to Transfer Venue Under 28 U.S.C. § 1404(A) (“Fisher Decl.”).

## I. INTRODUCTION

This case has substantial connections to California and none of consequence to the Western District of Texas. Under a straightforward application of the *Volkswagen* convenience factors, transfer to the Northern District of California ("N.D. Cal.") is warranted. N.D. Cal. is where Apple is headquartered, significant portions of Apple's engineering work relevant to the accused features occurred, and numerous of Apple's anticipated trial witnesses and relevant documents are located.

By contrast, Sandstone (a non-practicing entity whose ultimate parent is headquartered in South Korea) identifies no witnesses, custodians, or records tied to the Western District of Texas. Sandstone points only to Apple's generalized presence in Austin—wholly untethered to the events giving rise to this lawsuit. No relevant third parties are known to reside in this District. Those that do exist are either in California, or otherwise are outside of Texas. Because by all measures, N.D. Cal. is clearly the more convenient forum, Apple respectfully requests that this case be transferred pursuant to 28 U.S.C. § 1404(a).

## II. FACTUAL BACKGROUND

Sandstone filed this suit against Apple on March 13, 2026, initially alleging that the eye-gaze tracking functionality of Apple's Vision Pro product—a virtual reality headset—infringes U.S. Patent No. 7,963,652 ("the '652 patent"). ECF No. 1 (Compl.), ¶¶ 9-11. Since its original complaint, Sandstone has filed three amended complaints. Sandstone's amended complaints expand this action to include allegations of infringement of both the '652 patent and U.S. Patent No. 10,248,852 ("the '852 patent") (collectively, "the Asserted Patents"), and Sandstone now purports to accuse the eye-gaze tracking and facial expression tracking functionalities of Apple's Vision Pro product as well as the face tracking feature of the TrueDepth camera system of certain iPhones and iPads (collectively, "the Accused Functionalities"). *See* ECF No. 9 (FAC), ¶¶ 9, 12-13, 21, 24-25 (asserting the '652 and '852 patents and accusing Apple's Vision Pro of infringing

both Asserted Patents); ECF No. 22 (SAC), ¶¶ 9, 16-17, 25, 28-29 (same); ECF No. 27 (TAC) ¶¶ 9, 16-17, 25, 28-29 (same, and adding allegations accusing Apple's TrueDepth camera system of infringing the '652 patent); *see also* Ex. A (Sandstone's Preliminary Infringement Contentions).[1]

**A. The Vast Majority of Apple's Witnesses and Documents Are in N.D. Cal.**

Apple is a California corporation headquartered in Cupertino, CA. Ex. B at 17. Apple employs more than 35,000 employees in or near its California headquarters, including many of the members of the teams that perform Apple's engineering work related to the accused technology, as well as marketing, licensing, and finance work related to the Accused Functionalities. *See* Sengelaub Decl. (Ex. C) ¶ 4; Barsotti Decl. (Ex. D) ¶¶ 3-4; Imoto Decl. (Ex. E) ¶ 5; Clements Decl. (Ex. F) ¶¶ 5-7; Matthews Decl. (Ex. G) ¶ 4.

**1. Apple's Likely Trial Witnesses Are Primarily Based in Northern California; None Are Based in Texas**

Apple's engineering work on the design and development of the Accused Functionalities was conducted entirely by teams located in N.D. Cal., Germany, Switzerland, and Israel, and all of Apple's likely trial witnesses for these subjects are located outside of Texas and are primarily based in N.D. Cal. Sengelaub Decl. ¶ 4; Barsotti Decl. ¶ 4.

Tom Sengelaub [redacted]

---

[1] Apple has moved to strike and dismiss Sandstone's repeated improperly filed complaints. ECF No. 18 (Motion to Dismiss the FAC); ECF No. 25 (Motion to Strike the SAC); ECF No. 26 (Renewed Motion to Dismiss the FAC, or alternatively, Dismiss the SAC); ECF No. 29 (Motion to Strike the TAC); ECF No. 35 (Alternative Motion to Dismiss the TAC). As of the filing of this motion, Apple's motions to strike and dismiss remain pending, and thus it has not been established which of Sandstone's amended complaints is the operative pleading and which (if any) of its infringement allegations remain live.

[redacted] Sengelaub Decl. ¶¶ 1, 3. [redacted]. *Id.* ¶ 3. [redacted]. *Id.* [redacted]. *Id.* [redacted] *Id.*

Hayden Barsotti [redacted]. Barsotti Decl. ¶¶ 1, 3. [redacted] Barsotti Decl. ¶ 4. [redacted]. *Id.*

The marketing, licensing, and finance operations for the Accused Functionalities are also based out of Northern California:

Yuri Imoto [redacted] Imoto Decl. ¶¶ 1, 5. [redacted]

[redacted]. *Id.* ¶ 5. [redacted]. *Id.* ¶ 5.

<u>Matt Clements</u> [redacted]. Clements Decl. ¶¶ 1, 4. [redacted]. *Id.* ¶¶ 1, 5-6. [redacted] *Id.* ¶ 7.

<u>Halle Matthews</u> [redacted]. ¶¶ 1, 4-5. [redacted]. *Id.* ¶ 4. [redacted] *Id.* ¶ 5.

**2. Relevant Documents Are in California**

[redacted]. Sengelaub Decl. ¶ 5; Barsotti Decl. ¶ 5; Imoto Decl. ¶ 6; Clements Decl. ¶ 8; Matthews Decl. ¶ 6. [redacted]. Sengelaub Decl. ¶ 5; Barsotti Decl. ¶ 5; Imoto Decl. ¶ 6; Clements Decl. ¶ 8; Matthews Decl. ¶ 6. [redacted] Sengelaub Decl. ¶ 5; Barsotti Decl. ¶ 5; Imoto Decl. ¶ 6; Clements Decl. ¶ 8; Matthews Decl. ¶ 6. [redacted]. Sengelaub Decl. ¶ 5; Barsotti Decl. ¶ 5. [redacted]

[redacted] Sengelaub Decl. ¶ 5; Barsotti Decl. ¶ 5. In addition, [redacted] Imoto Decl. ¶ 6; Clements Decl. ¶ 8; Matthews Decl. ¶ 6.

### B. Sandstone Has No Ties to W.D. Tex.

Sandstone is a non-practicing entity that first registered to do business in Texas in 2022. Ex. H. Sandstone itself does not allege any tie to this District. Its given Allen, Texas address, *see* ECF No. 1, ¶ 2, appears to be a shared workspace building in the *Eastern* District of Texas—not W.D. Tex.—which offers a "virtual office" that promises to "[e]stablish a prestigious business address with professional mail and call-handling services." Ex. I; Ex. J. Indeed, numerous other entities appear to have used or continue to use the same address. Ex. K. The only corporate officer identified in public information is Mr. Jay Chung, who is identified with the same Allen, Texas address in the Eastern District of Texas. Ex. H. Moreover, Sandstone is a wholly owned subsidiary of Granite IP, LLC (Ex. L), which is itself a wholly owned subsidiary of Bedrock IP, Co. Ltd., which is headquartered in Seoul, South Korea. Ex. M. *See also* ECF No. 3. Sandstone has identified no witnesses, custodians, or corporate records of its own located in this District.

### C. The Inventors and Prior Assignees of the Asserted Patents and Other Relevant Witnesses Are Also Located Outside of W.D. Tex.

Based on Apple's investigation so far, potentially important third-party witnesses are located in California, or are located in places where it would be significantly more convenient for any such witnesses to travel to N.D. Cal. than W.D. Tex. None of Sandstone's complaints identify any relevant witnesses, documents, or evidence in Texas, let alone this District. *See generally* ECF No. 1; ECF No. 9; ECF No. 22; ECF No. 27.

’652 Patent Inventors and Prior Assignees. At issuance, the ’652 patent was assigned to Queen’s University at Kingston in Kingston, Canada. Ex. N. The ’652 patent was subsequently assigned to Northwater Capital Inc. in Toronto, Canada, and then subsequently assigned to four of the named inventors and HumanMediaLab, Inc., all with relevant addresses in Canada and without any known ties to Texas. Exs. O-R. The ’652 patent was not assigned to Sandstone until 2024. Ex. S. In addition, based on public information, the five named inventors of the ’652 patent are located in Canada, and none have any known ties to Texas. Exs. P, T. The ’652 patent was prosecuted by attorneys located outside of Texas. Ex. U. In addition to these witnesses, documents and information related to the invention and development of the ’652 patent, as well as records related to positions previously taken about the ’652 patent in licensing discussions are likely to be outside of Texas.

’852 Patent Inventors and Prior Assignees. At issuance, the ’852 patent was assigned to Industry-Academic Cooperation Foundation at Yonsei University in Seoul, South Korea. Ex. V. The ’852 patent was not assigned to Sandstone until March 26, 2026, which was after Sandstone initiated this lawsuit. ECF No. 1 (original complaint filed March 13, 2026); Ex. W. In addition, based on public information, the two named inventors of the ’852 patent are located in South Korea, and none have any known ties to Texas. Ex. V, 0223; Ex. X. The ’852 patent was prosecuted by attorneys located outside of Texas. Ex. X. In addition to these witnesses, documents and information related to the invention and development of the ’852 patent, as well as records related to positions previously taken about the ’852 patent in licensing discussions are likely to be outside of Texas.

Prior Artisans. Other notable developers of eye gaze tracking and facial expression tracking technology are in California, and Apple expects that they will have relevant system prior art. For

example, Apple's investigation so far has identified numerous prior art filings that on their face identify artisans and technology companies located in California, including for example International Business Machines (IBM) Corporation, Intel Corporation, Agilent Technologies, Inc., Amazon Technologies, Inc., Facebook Technologies, LLC, and Google Inc. Exs. Y-Z, AA-HH.

## III. APPLICABLE LAW

A defendant is entitled to transfer under 28 U.S.C. § 1404(a) if it shows (1) that the suit "might have been brought" in the transferee district and (2) the "transferee venue is clearly more convenient" than the district in which suit was filed. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312-15 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*"). In determining relative "convenience," courts weigh the "private" and "public" interest factors. *Id.* at 315. The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citation omitted) ("*Volkswagen I*"). The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* Of these factors, the "convenience of the witnesses is probably the single most important." *In re Apple Inc.*, 818 F. App'x 1001, 1003 (Fed. Cir. 2020) ("*Apple I*") (citation omitted). No single factor is dispositive, and courts have "cautioned against a 'raw counting of the factors' that 'weigh[s] each the same.'" *In re Clarke*, 94 F.4th 502, 509 (5th Cir. 2024). On balance, courts should look to the location of the action's "center of gravity." *E.g.*, *In re Google LLC*, 58

F.4th 1379, 1385 (Fed. Cir. 2023); *In re Juniper Networks, Inc.*, No. 2021-156, 2021 WL 4519889, at *3 (Fed. Cir. Oct. 4, 2021) ("*Juniper II*").

## IV. N.D. CAL. IS CLEARLY THE MORE CONVENIENT VENUE

This action's "center of gravity" is N.D. Cal.—"where the vast majority of potential witnesses with relevant and material information reside" and "where accused product features were researched, designed, and developed." *In re Microsoft Corp.*, No. 2023-128, 2023 WL 3861078, at *2 (Fed. Cir. June 7, 2023) (quoting *In re Google*, 58 F.4th at 1385).

### A. This Action Could Have Been Brought in N.D. Cal.

Because Apple is a California corporation headquartered in N.D. Cal., this suit could have been brought in that district. *See Volkswagen II*, 545 F.3d at 312-13; *see also* 28 U.S.C. § 1400(b); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

### B. The Private Interest Factors Weigh Decisively in Favor of Transfer

#### 1. Relative Ease of Access to Sources of Proof Heavily Favors Transfer

The relevant sources of proof in this case are overwhelmingly in N.D. Cal., with some electronic documents accessible only by custodians located in Northern California, whereas minimal, if any, evidence will be located in this District. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1339-40 (Fed. Cir. 2020) ("*Apple II*") (citation omitted). Courts "look to the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-447, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017) (citation omitted). Also considered in analyzing this factor is "the location of document custodians of electronic documents." *Smart Mobile Techs. LLC v. Apple Inc.*, No. 6:21-cv-00603, ECF No. 135 at 10 (W.D. Tex. Aug. 28, 2023) (citing *In re Google LLC*, No. 2021-178,

2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021)).

Here, Apple's sources of proof are overwhelmingly in and around Apple's Northern California headquarters. [redacted]. *See supra* § II.A; Sengelaub Decl. ¶¶ 4-5; Barsotti Decl. ¶¶ 4-5; *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014) (because Apple designed the Accused Functionalities at its headquarters, relevant documents "are likely to be found" there); *Smart Mobile Techs. LLC v. Apple Inc.*, No. 6:21-cv-00603, ECF No. 135 at 10 (W.D. Tex. Aug. 28, 2023) ("[T]he presence of Apple employees that create and maintain relevant electronic documents in the NDCA weighs in favor of transfer."). [redacted] *See supra* § II.A; Sengelaub Decl. ¶ 4; Barsotti Decl. 4. In addition, [redacted] *See supra* § II.A; Imoto Decl. ¶¶ 5-6; Clements Decl. ¶¶ 5-8; Matthews Decl. ¶¶ 5-6.

[redacted]. Sengelaub Decl. ¶ 5; Barsotti Decl. ¶ 5; Imoto Decl. ¶ 6; Clements Decl. ¶ 8; Matthews Decl. ¶ 6. [redacted]. Sengelaub Decl. ¶ 5; Barsotti Decl.

¶ 4; Imoto Decl. ¶¶ 5-6; Clements Decl. ¶¶ 5-8; Matthews Decl. ¶¶ 4-6; *see TikTok*, 85 F.4th at 359 (finding factor favors transfer where electronic evidence "is not 'equally accessible in either forum'" (citation omitted); *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *2 (Fed. Cir. Nov. 15, 2021) ("*Apple III*") (finding factor favors transfer where "essentially all of [a party's] . . . document[s]" were in the transferee district, regardless of whether the party could theoretically give remote access to employees in the transferor district). Their location weighs heavily in favor of transfer, especially because "the question is relative ease of access, not absolute ease of access," *Juniper II*, 2021 WL 4519889, at *3; *see also, e.g.*, *In re Haptic, Inc.*, No. 2024-121, 2024 WL 3159288, at *1 (Fed. Cir. June 25, 2024) ("[S]ources of proof are more easily accessible from NDCA than WDTX" where "information was restricted on a need-to-know basis to Apple employees located in NDCA and areas outside WDTX.").

Sandstone has not asserted that there are *any* relevant Apple engineers, employees, or documents located in Texas. *See supra* §§ II.A-B. Apple's unrelated Texas locations therefore cannot tip this factor against transfer. *See In re TikTok, Inc.*, 85 F.4th 352, 359-60 (5th Cir. 2023) (district court clearly abused its discretion in "surmising" that defendant's Austin employees possessed relevant proof). Further, Sandstone is a non-practicing entity that was only recently created outside of this District. *Supra* § II.B. It solely engages in patent assertion and only recently acquired rights in the Asserted Patents. *Id.* Given Sandstone's business model, location, and recent creation, the majority of evidence in this case is likely to come from Apple or other third parties, and to the extent relevant evidence may be produced by Sandstone, it is unlikely to come from this District. *Id.*

As for third parties, all named inventors and previous assignees of the Asserted Patents are understood to be located in Canada or South Korea, and relevant documents in their possession

regarding invention of the patent would be expected to be in those locations, not in Texas. *See supra* § II.C.

Overall, the "wealth of important information" is outside of Texas and most likely to be in N.D. Cal., *Apple II*, 979 F.3d at 1340, meaning that this factor weighs "heavily in favor of transfer," *In re Nintendo Co.*, 589 F.3d 1194, 1199-1200 (Fed. Cir. 2009) ("Because most evidence resides in Washington or Japan with none in Texas, the district court erred in not weighing this factor heavily in favor of transfer."); *see also Cub Club Inv., LLC v. Apple, Inc.*, No. 6:20-cv-00856-ADA, slip op., at 6 (W.D. Tex. Sept. 7, 2021), ECF No. 28 ("Given (1) that Apple resides in [N.D. Cal.] and (2) that the accused features were apparently developed [there] … this factor weighs in favor of transfer to NDCA.").

**2. Cost of Attendance for Willing Witnesses Heavily Favors Transfer**

The convenience and cost of witness attendance is the most important factor, and this consideration is no less important for party witnesses. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319-20 (Fed. Cir. 2021) ("*Juniper I*") ("[T]he convenience-to-the-witness factor is [not] attenuated when the witnesses are employees of the party calling them."); *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *3 (Fed. Cir. Oct. 13, 2021) ("[C]onvenience of the witnesses is an important consideration for both party witnesses and non-party witnesses."). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). This factor weighs strongly in favor of transfer when, as here, "there are several witnesses located in the transferee forum and none in the transferor forum." *See Apple III*, 2021 WL 5291804, at *3.

As established above, most of Apple's likely trial witnesses with "relevant and material information" are in N.D. Cal. *Parus Holdings Inc. v. Apple Inc.*, No. 6:21-cv-00968-ADA, ECF No. 92 at 9 (W.D. Tex. Nov. 29, 2022); *see supra* § II.A. Mr. Sengelaub and Mr. Barsotti, [redacted] *See id.*; Sengelaub Decl. ¶¶ 1, 4; Barsotti Decl. ¶¶ 1, 4. Similarly, [redacted] *See supra* § II.A; Imoto Decl. ¶ 5; Clements Decl. ¶¶ 5-6; Matthews Decl. ¶ 4. Northern California is more than 1,400 miles away from Midland, and there are no direct commercial flights from Northern California airports to Midland. Ex. II (Google Maps); Fisher Decl. ¶ 38; Ex. JJ. Because undisputedly relevant witnesses would need to travel "over one thousand additional miles to testify," the "massive inconvenience" of attending trial in Texas is "plain." *In re Clarke*, 94 F.4th at 514; *cf. TikTok*, 85 F.4th at 361 ("The presence of one Texas witness cannot overcome the immense inconvenience that the majority of relevant witnesses would face if this case were to be tried in Texas."). Attending trial in N.D. Cal. would clearly be more convenient for the likely Apple trial witnesses, as it would decrease or eliminate travel expenses and reduce disruptions to these employees' lives. *See Volkswagen II*, 545 F.3d at 317 (noting "'obvious conclusion' is that it is more convenient for witnesses to testify at home" (citation omitted)).

Sandstone does not identify *any* witnesses in any of its complaints—from Apple, Sandstone itself, or any third parties—in this District. *See generally* ECF No. 1; ECF No. 9; ECF No. 22; ECF No. 27; *supra* § II.B. At most, Sandstone points to Apple's general presence in Austin as support for this lawsuit's presence in W.D. Tex. *See* ECF No. 9 at ¶ 7; *see also* ECF No. 22 at ¶ 7; ECF No. 27 at ¶ 7. However, as noted above, there are no *relevant* Apple employees in this District

with material information about the accused technology. The mere presence of unrelated employees in this District does not impact the transfer analysis. *See Peak Completion Techs., Inc. v. ITEC Well Solutions, LLC*, No. A-13-cv-086-LY, 2013 WL 12121002, at *3 (W.D. Tex. June 26, 2013) (presence of office and personnel in district did not weigh against transfer because they were not likely witnesses); *accord TikTok*, 85 F.4th at 361 & n.9 (district court's assessment of factor based on "speculation" about the relevant knowledge of TikTok's Austin employees was a clear abuse of discretion).

Where the likely witnesses are in the transferee district and *none* are in the transferor district, this most important factor in the transfer analysis strongly favors transfer. *See MasterObjects, Inc. v. Facebook, Inc.*, No. 6:20-cv-00087-ADA, ECF No. 86 (W.D. Tex. July 13, 2021); *see Juniper I*, 14 F.4th at 1319-20 (witness-convenience factor "strongly favors transfer" when there are witnesses in the transferee forum and "nothing on the other side of the ledger" (citation omitted)); *Apple III*, 2021 WL 5291804, at *3 ("Because Apple identified several potential party and non-party witnesses residing in the Northern District of California, and no potential witnesses appear to reside in the Western District of Texas, the witness convenience factor weighs strongly in favor of transfer.").

### 3. Availability of Compulsory Process Heavily Favors Transfer

The presence of third-party witnesses in N.D. Cal. also weighs strongly in favor of transfer. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *S.M.R Innovations LTD v. Apple Inc.*, 756 F. Supp. 3d 453, 464 (W.D. Tex. 2024); *see also Genentech*, 566 F.3d at 1345 (compulsory-process factor "weigh[s] in favor of transfer, and not only slightly" when the transferee venue has subpoena power over identified witnesses and the transferor venue does not have any). Under the Federal Rules, a court may subpoena a witness to trial only (a) "within 100 miles of where the

person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A), (B).

Apple has identified several potentially important third-party witnesses located within the subpoena power of N.D. Cal., for whom there is no reason to believe that they would voluntarily agree to appear in this District. For example, numerous prior art artisans and technology companies are in California. *Supra* § II.C. These third-party witnesses and witnesses from these companies are within the subpoena power of N.D. Cal. but outside this Court's subpoena power, and thus could not be compelled to testify if this case remained in W.D. Tex. *See* Fed. R. Civ. P. 45(c)(1)(A)–(B); *see Juniper I*, 14 F.4th at 1319 (district court must consider "prior-art witnesses" in transfer analysis).

In contrast, Sandstone has not identified a single third-party witness in this District, and none of the inventors of the Asserted Patents are located in this District. *See generally* ECF No. 1; ECF No. 9; ECF No. 22; ECF No. 27; *supra* § II.B; *see also In re Adobe Inc.*, 823 F. App'x 929, 931 (Fed. Cir. 2020) (finding that "the compulsory process and sources of proof factors together tip 'significantly in' favor of transferring the case" where the relevant witnesses, including non-party witnesses, were in N.D. Cal. and no clearly relevant witnesses were in W.D. Tex.). Accordingly, this factor weighs heavily in favor of transfer.

#### 4. All Other Practical Problems Are Neutral

The "practical problems" catch-all factor is neutral because no relevant "problems" of judicial economy exist. Transfer now would not cause delays or waste significant resources. *See In re TracFone Wireless, Inc.*, 848 F. App'x 899, 901 (Fed. Cir. 2021) ("[P]rogress of the case since the filing of the complaint is irrelevant when considering the transfer motion and should not color [a district court's] decision.") (citation omitted).

### C. The Public Interest Factors Weigh in Favor of Transfer

#### 1. Court Congestion Is Neutral

This court-congestion factor, which is "the 'most speculative' of the factors bearing on the transfer decision," *Juniper I*, 14 F.4th at 1322 (citation omitted), is neutral. "[T]he Western District of Texas and Northern District of California show no significant differences in caseload or time-to-trial." *LoganTree LP v. Apple Inc.*, No. 6:21-cv-00397-ADA, 2022 WL 1491097, at *8 (W.D. Tex. May 11, 2022) (quoting *Juniper I*, 14 F.4th at 1322). Further, this factor should not be given any weight where a patentee is a non-practicing entity and not a market competitor—like Sandstone—and so "is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *Zentian Ltd. v. Apple, Inc.*, No. W-22-CV-00122-ADA, 2023 WL 4167746, at *10 (W.D. Tex. June 13, 2023) (citing *In re Google*, 58 F.4th at 1383).

#### 2. The Local Interest Factor Heavily Favors Transfer

N.D. Cal. has a substantially greater interest in the outcome of this case, strongly favoring transfer. Apple's headquarters and its principal place of business are in California, and much of Apple's engineering work on the features that underlie Sandstone's allegations occurred in N.D. Cal. *See supra* § II. "[B]ecause the Accused Products were designed, developed and tested in NDCA; and because the lawsuit 'calls into question the work and reputation of several individuals residing' in NDCA, this factor weighs in favor of transfer." *Apple II*, 979 F.3d at 1345 (internal citation omitted); *see, e.g.*, *Juniper I*, 14 F.4th at 1319-20 (transfer favored because "events forming the basis for [plaintiff's] infringement claims occurred mainly in the Northern District of California," giving "the transferee venue a greater localized interest in the dispute"). Moreover, [redacted] *See supra* § II.A; Imoto Decl. ¶ 5; Clements Decl. ¶¶ 5-6; Matthews Decl. ¶ 4. That is especially

important because, in evaluating the local-interest factor, the Court must "focus on the *events* [that gave rise to suit]—not the *parties*." *Clarke*, 94 F.4th at 511.

The accused technology has no meaningful connection to this District. Sandstone only points to a single Apple retail store and Apple's Austin campus to tie this litigation to this District. *See* ECF No. 9 at ¶ 7; *see also* ECF No. 22 at ¶ 7; ECF No. 27 at ¶ 7. As the Fifth Circuit and the Federal Circuit have confirmed numerous times, Apple's general presence in Austin is entitled to little or no weight in this context. *See, e.g.*, *Apple III*, 2021 WL 5291804, at *5 (error to rely on Apple's "general presence in the transferor forum" instead of "the locus of the events that gave rise to the dispute") (citation omitted); *Juniper I*, 14 F.4th at 1320 (error to rely on defendant's Austin office for local-interest factor). Apple's nationwide sales and marketing operations are irrelevant because contacts common across districts cannot support any "localized" interest. *See In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021).

Nor does Sandstone have any connections to this District that would tip the scales against transfer. Sandstone has only been present in Texas since 2022, and its Allen, Texas address in the *Eastern* District, which appears to only be a "virtual office," is only mentioned as a place of business in Sandstone's complaint. *Supra* § II.B. And Sandstone has no known business activity in Texas except for this lawsuit against Apple. *Supra* § II. Accordingly, Sandstone's "presence in [Texas]" is "both recent and relatively insubstantial"—and appears to be totally non-existent in W.D. Tex. *Juniper I*, 14 F.4th at 1320-21 (directing transfer where plaintiff had only a litigation-fueled pre-filing presence in the district and the "activities of the office are largely tied to bringing lawsuits in that court").

In short, the "relevant events leading to the infringement claims here took place largely in [N.D. Cal.], and not at all in [W.D. Tex.]." *Samsung*, 2 F.4th at 1380. Given this imbalance, the local interest factor strongly favors transfer.

#### 3. Familiarity of Governing Law and Conflicts Factors Are Neutral

Because this case is governed by federal patent law, the last two public interest factors are neutral. *See In re TS Tech. USA Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008).

### D. The Weight of the Factors Favors Transfer to N.D. Cal.

The balance of the private and public interest factors weighs decidedly in favor of transfer to N.D. Cal. While no single factor is dispositive, the most important factors establish that the "center of gravity" lies in N.D. Cal. and that it clearly would be the more convenient forum. Transfer will improve the relative ease of access to sources of proof. *Supra* § IV.B.1. Transfer will decrease the cost of attendance for willing witnesses. *Supra* § IV.B.2. And transfer will provide the availability of compulsory process to secure the attendance of witnesses. *Supra* § IV.B.3. In addition, N.D. Cal. has a significant local interest in this suit. *Supra* § IV.C.2. All other factors are neutral, and no factor weighs against transfer. *Supra* §§ IV.B.4, IV.C.1, IV.C.3. This case presents exactly the kind of "clear" showing that warrants transfer under § 1404(a). *See Volkswagen II*, 545 F.3d at 314-15; *Microsoft Corp.*, No. 2023-128, 2023 WL 3861078, at *2.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests transfer to N.D. Cal.

Dated: August 26, 2026

/s/ Ashley Winkler
Ranganath Sudarshan (*pro hac vice*)
Ashley Winkler (*pro hac vice*)
Steven A. Fisher (*pro hac vice*)
Christine Smith (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
rsudarshan@cov.com
awinkler@cov.com
sfisher@cov.com
csmith@cov.com

Michael E. Bowlus
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission St., Ste. 5400
San Francisco, CA 94105
(415) 491-6000
mbowlus@cov.com

Steven J. Wingard
Texas Bar No. 00788694
Robert ("Robby") P. Earle
Texas Bar No. 24124566
Stephen L. Burbank
Texas Bar No. 24106972
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
T: (512) 495-6300
F: (512) 495-6399
swingard@scottdoug.com
rearle@scottdoug.com
sburbank@scottdoug.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of August, 2026, all counsel of record who have appeared in this case are being served with a copy of this document by email.

/s/ Stephen Burbank

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on August 25, 2026 counsel for Apple conferred with counsel for Sandstone regarding whether Apple's motion for transfer would be opposed. On August 25, 2026, counsel for Sandstone indicated that Sandstone will oppose Apple's motion for transfer.

/s/ Ashley Winkler